## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOUIS McDUFFY, JR. and BRENDA McDUFFY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 00-938-SLR |
| LOUIS MARSICO, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM ORDER

At Wilmington this 27th day of September, 2007, having reviewed defendant's motion to set aside entry of default, and the papers submitted in connection thereof;

IT IS ORDERED that said motion (D.I. 40) is granted, for the reasons that follow:

1. The above captioned case was filed by pro se plaintiffs in November 2000 against multiple defendants. (D.I. 1) Defendant Marsico, represented by counsel, filed an answer to the complaint in February 2001. (D.I. 4) The court entered a scheduling order directing that discovery be completed on or before January 2002, with a deadline for filing dispositive motions on February 15, 2002. (D.I. 14) All defendants, save for defendant Marsico, participated in discovery and filed motions to dismiss and/or for summary judgment on February 15, 2002. (D.I. 20, 23) The court issued a memorandum opinion and order dated September 30, 2002 granting judgment in favor of the moving defendants and the case was closed, in error, on that date. (D.I. 33, 34, 35) Plaintiffs filed a notice of appeal, which appeal ultimately was dismissed for lack of

appellate jurisdiction because the court had not yet adjudicated plaintiffs' claims against defendant Marsico. No further action was undertaken in the case[1] until the court entered a default in appearance as to defendant Marsico in October 2006. (D.I. 39) The motion at issue followed.

2. Defendant Marsico is correct that he filed an answer. The question that remains pending is whether his failure to participate in the litigation as directed by the court in its October 29, 2001 scheduling order should be deemed the equivalent of failing to respond at all. To put the point differently, the above captioned case ground to a standstill because defendant Marsico did not participate at all in the first round of litigation. Because neither the court nor the remaining parties timely followed up on the Third Circuit's mandate, the case is now seven years old with no final entry of judgment.

3. Having reviewed the record, it is apparent that the primary focus of this litigation, as framed by the complaint, was the conduct of plaintiffs' insurance company, Lumbermen's Mutual Auto Insurance Company, and its representatives. Although defendant Marsico was involved in the actual automobile accident that started the whole chain of events complained of by plaintiffs, the only counts of the complaint that are even generally directed at him (because they are directed at "defendants") are counts VII (access to the courts), VIII (due process), IX (equal protection), X (42 U.S.C. § 1981), XI (§ 1983), XII (§ 1984), and XIII (§ 1985).

4. The court, in its memorandum opinion and order dated September 30, 2002,

---

[1]Although the parties to a case have some obligation to monitor the progress of the case and move it forward, it was the court's ultimate responsibility to act on the Third Circuit's mandate. The court sincerely apologizes for the fact that this case slipped through the cracks and was not managed expeditiously.

granted judgment in favor of the moving defendants on the following grounds: As to count VII, the record indicated that plaintiffs had filed numerous lawsuits and had been given ample opportunity to seek redress in the courts of this State. As to count VIII, plaintiffs had not alleged the required governmental action. As to count IX, plaintiffs had failed to identify similarly situated persons who were treated differently in the insurance claims process. As to count X, plaintiffs had failed to offer evidence indicating that, in the context of the insurance claims process, plaintiffs were the subject of race-based discrimination. As to count XI, plaintiffs once again failed to identify state action. Count XII was brought under a statute that had been repealed and/or declared unconstitutional. Finally, as to count XIII, the court found a failure of proof of a conspiracy among the named defendants.

5. In light of the court's reasoning above and the record established through discovery, it would appear that plaintiffs' multiple causes of action would not withstand scrutiny under a summary judgment motion brought by the remaining defendant. Of course, neither plaintiffs nor defendant Marsico have filed case dispositive motions in this regard. Therefore, the court will grant defendant's motion to set aside the entry of default and proceed to bring closure to the case as follows:

IT IS FURTHER ORDERED that the parties have until October 25, 2007 to file motions for summary judgment.[2] Failure to file such a motion, given the age of the case and its procedural posture, will result in judgment being entered against the defaulting party, i.e., against plaintiffs for failure to prosecute or against defendant

---

[2]Discovery has closed. The parties must rely on the record created in connection with the first motion practice.

3

Marsico for failure to defend.

United States District Judge