IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOUIS McDUFFY, JR. and <br> BRENDA McDUFFY, <br><br> Plaintiffs, <br><br> v. <br><br> LOUIS MARSICO, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 00-938-SLR <br> ) <br> ) <br> ) <br> ) |

Louis McDuffy, Jr. and Brenda McDuffy, Pro Se Plaintiffs. New Castle, Delaware.

James Joseph Haley, Jr., Esquire, Ferrara, Haley, Bevis & Solomon, Wilmington, Delaware. Counsel for defendant Louis Marsico.

**MEMORANDUM OPINION**

Dated: August 21, 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiffs Louis McDuffy, Jr. ("Mr. McDuffy") and Brenda McDuffy ("Mrs. McDuffy") (collectively "plaintiffs") filed this action against defendants Lumbermen's Mutual Auto Insurance Co. ("Lumbermens"); Noreen Koval ("Koval"), claims adjuster for Lumbermens); Louis Marsico ("Marsico"); Donna Lee Williams, Commissioner of Insurance at all relevant times; and Baldo Sebastianelli ("Sebastianelli"), State Insurance investigator. (D.I. 1) The complaint, filed November 6, 2000, asserted claims pursuant to 42 U.S.C. §§ 1981, 1983, 1984, 1985(3), and 1986; as well as denial of access to the courts, violation of due process, and violation of equal protection claims. (Id.) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1347. Marsico is the only remaining defendant, the court having granted summary judgment as to all other defendants on September 30, 2002. (D.I. 33, 34) Currently before the court is Marsico's motion for summary judgment. (D.I. 43) For the following reasons, the court will grant his motion.

## II. BACKGROUND[1]

On November 7, 1997, Mr. McDuffy stopped his Ford Taurus station wagon at a stop sign on the exit ramp leading from Route 13 southbound towards Old New Castle, Delaware, attempting to enter onto Route 141 (Basin Road). (D.I. 1 at ¶ 17) Mr. McDuffy stated that he took his time turning onto Basin Road due to poor visibility on a "rainy and cloudy evening." (Id. at ¶¶ 17-18) Behind plaintiffs' vehicle sat a Jeep Grand

---

[1] The facts in this case have not changed and are largely taken from the court's memorandum opinion dated September 30, 2002. (D.I. 33)

Cherokee owned and occupied by Marsico and his wife, Geraldine Marsico. The following facts are disputed between plaintiffs and Marsico.

According to plaintiffs, Marsico "suddenly took off and smashed the back of Mrs. McDuffy's 1986 Taurus Station Wagon, pushing us part way into the intersection." (Id. at ¶ 18) Marsico believed that he "just touched the back of the other" vehicle, stating that "he wasn't even going 5 mph at the time." (D.I. 17) Undisputed is that both parties eventually pulled into the Penn Mart Shopping Center. (D.I. 1 at ¶ 21; D.I. 17) Plaintiffs allege that Marsico asked them not to call the police and "swore that he would pay any damages and signed a paper admitting guilt," while Marsico believes that the police were not notified because the vehicles were not severely damaged. (D.I. 1 at ¶ 23; D.I. 17) Both parties timely filed claims with their respective insurance companies, for which Marsico's insurance company paid some costs due to liability of fault. (D.I. 1 at ¶ 26) Mrs. McDuffy also filed for Personal Injury Protection ("PIP") benefits for medical treatment and salary loss reimbursements as a result of the accident. (Id. at ¶ 29)

On November 12, 1997, Marsico gave a recorded interview to his insurance carrier wherein he testified that only Mr. McDuffy was present in his vehicle at the time of the accident. (D.I. 17, 21) Plaintiffs contend that Mrs. McDuffy was a front-seat passenger at the time of the accident, however, she was asked to get out of the vehicle because Mr. McDuffy was concerned about the possibility of gas leakage due to the accident. (D.I. 1 at ¶ 19) It is unclear from the record whether Mrs. McDuffy eventually walked to the Penn Mart Shopping Center or remained on the shoulder, but Marsico claims that she was not present. (D.I. 21)

On January 24, 1998, the disputed matter was reported by Lumbermens to the Fraud Prevention Bureau of the Department of Insurance, as required by 18 Del. C. § 2408. (D.I. 21) Subsequently, Sebastianelli was assigned to investigate the disputed matter; plaintiffs would not cooperate, eventually filing for Insurance Commissioner's Arbitration under 21 Del. C. § 2118. (Id.)

On January 31, 1998, Mrs. McDuffy was involved in a second accident, where Lumbermens also denied her application for benefits. (D.I. 1 at ¶¶ 41, 47) Plaintiffs also filed for an arbitration hearing involving the second accident. (D.I. 21) On October 20, 1998, an arbitration hearing was conducted on plaintiffs' claims. (D.I. 17) On October 23, 1998, the Automobile Arbitration Panel denied both claims because "[plaintiffs] failed to satisfy the burden of proof." (Id.)

On November 20, 1998, plaintiffs filed a tort claim in the Superior Court of the State of Delaware. (D.I. 23, Ex. C) The court dismissed the complaint, refusing to hear the PIP claim, as plaintiffs are not permitted to bypass an appeal from the arbitration panel by filing a claim directly to the Superior Court. (Id.)

The only counts directed at Marsico are counts VII (access to the courts), VIII (due process), IX (equal protection), X (42 U.S.C. § 1981), XI (42 U.S.C. § 1983), XII (42 U.S.C. § 1984), and XIII (42 U.S.C. § 1985). Marsico moves for summary judgment on the basis that none of the counts in the complaint directed at him implicate his conduct and, therefore, he is entitled to judgment as a matter of law. (D.I. 43) Conversely, plaintiffs argue that because there remain disputes of material fact, summary judgment is not warranted. (D.I. 44)

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. United States Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Indeed, to survive a motion for summary judgment, plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere

-4-

existence of a scintilla of evidence" in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

### A. Law of the Case Doctrine

Initially, the court notes that this motion is governed by the law of the case doctrine. Under the law of the case doctrine, when a court "decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816, (1988) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). The law of the case doctrine militates against re-deciding issues of law previously resolved in the same case, either expressly or by implication. Public Interest Research Group of New Jersey, Inc. v. Magnesium Elecktron, Inc., 123 F.3d 111, 116 (3d Cir. 1997). "Extraordinary circumstances" can warrant a court's reconsideration of an issue decided earlier in the course of litigation. Id. at 116-17. The circumstances include: (1) the availability of new evidence; (2) the announcement of a supervening new law; or (3) a clearly erroneous decision that would create manifest injustice. Id. at 117.

The court has previously determined the following: (1) as to the access to the courts claim (count VII), plaintiffs had filed numerous lawsuits and had been given ample opportunity to seek redress in the courts of this State; (2) as to the due process

claim (count VIII), plaintiffs had not alleged the required governmental action; (3) as to the equal protection claim (count IX), plaintiffs failed to identify similarly situated persons who were treated differently in the insurance claims process; (4) as to the 42 U.S.C. § 1981 claim (count X), plaintiffs failed to offer evidence indicating that, in the context of the insurance claims process, plaintiffs were the subject of race-based discrimination; (5) as to the 42 U.S.C. § 1983 claim (count XI), plaintiffs failed to identify state action; (6) as to the 42 U.S.C. § 1984 claim (count XII), the statute had been repealed and/or declared unconstitutional; and (7) as to the 42 U.S.C. § 1985 claim (count XIII), there was a failure of proof of a conspiracy among the named defendants. (D.I. 33, 42). The above rulings are the law of the case and continue to govern the same issues in this case. United States v. Kikumura, 947 F.2d 72, 77 (3d Cir. 1991).

### B. Denial of Access to the Courts

Count VII alleges a denial of access to the courts. The existence of a constitutional right to effective use of this nation's courts has been recognized by the Supreme Court "in the Article IV Privileges and Immunities Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses." Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety-Division, 411 F.3d 427, 441 (3d Cir. 2005). "Asserting this right, wherever it is grounded, a plaintiff can seek relief for 'loss or inadequate settlement of a meritorious case, . . . the loss of an opportunity to sue, . . . or the loss of an opportunity to seek some particular order of relief.'" Id. (citing Christopher v. Harbury, 536 U.S. 403, 414 (2002)). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged

denial of access. The actual injury requirement is a constitutional prerequisite to suit. Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").

As previously determined, the record reflects that plaintiffs commenced a number of legal proceedings in a number of forums. (D.I. 33 at G) They had the opportunity to appeal an Automobile Panel Arbitration's Award, but chose to file a tort claim with the Superior Court of the State of Delaware. (D.I. 23, Ex. C) The Superior Court refused to hear the PIP claim, on the basis that plaintiffs could not bypass an appeal from the arbitration panel by filing a direct claim with the court. (Id.) Plaintiffs' failure to properly appeal the arbitration award, however, does not appear to be due to any actions taken by defendants.

The court finds that plaintiffs have not been denied access to the courts and, therefore, Marsico is entitled to summary judgment as to this claim.

### C. Due Process

Count VIII raises a due process claim. Initially, the court notes that Marsico is not a state actor, but an individual who was involved in an automobile accident with plaintiffs. A due process claim consists of three elements: (1) defendant must deprive plaintiff of an interest protected by law; (2) the deprivation must be the result of some governmental action; and (3) the deprivation must be without due process. See Cospito v. Heckler, 742 F.2d 72 (3d Cir. 1984).

Plaintiffs allege that defendants denied them notice and an opportunity to be heard at a meaningful time and in a meaningful manner, but fail to allege the necessary

state action by Marsico. (D.I. 1 at ¶ 37) Therefore, the court will grant summary judgment in favor of Marsico on the due process claim.

### D. Equal Protection

Count IX alleges an equal protection claim. A plaintiff who asserts an equal protection claim based on selective enforcement must demonstrate: (1) that others similarly situated were selectively treated; and (2) that this selective treatment was based on an "unjustifiable standard, such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right." Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005) (citations omitted).

With regard to their equal protection claim, plaintiffs allege that defendants "require[d] different standards for us as African [A]mericans to receive the state and legally mandated salary and medical payment[.]" (D.I. 1 at ¶ 40) Plaintiffs fail to name any other similarly situated person who was treated differently. Moreover, these allegations are not directed to Marsico. Thus, the court will grant Marsico summary judgment on the equal protection issue.

### E. 42 U.S.C. § 1981

Count X alleges a violation of 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination in the making and enforcement of contracts and property transactions. Wallace v. Federated Dep't Stores, Inc., 214 Fed. Appx. 142, 144 (3d Cir. 2007).

Plaintiffs' allegations are not directed towards Marsico. Rather, plaintiffs allege that Koval used racial overtones when communicating with them. (D.I. 1, ¶ 31) They claim that Koval "became extremely hostile as she attempted to harass, intimidate and

threaten that Brenda McDuffy would not be getting any benefits with the inference being that because she was African American." (Id. at ¶ 50)  They allege that Lumbermens "required different standards for us as African Americans" to receive compensation, and that Sebastianelli "implied that only whites could have the rights of motor vehicle rules and laws." (Id. at ¶ 40, 95(d))

While plaintiffs are members of a racial minority, they have failed to create a genuine issue of material fact as to defendants' intent to discriminate against them on the basis of race.  In order to show intentional discrimination, plaintiffs "must point to facts of record which, if proved, would 'establish that defendants' actions were racially motivated and intentionally discriminatory,' or, at least, 'support an inference that defendants intentionally and purposefully discriminated' against them on the basis of race." McDuffy v. Koval, 226 F. Supp. 2d 541, 550 (D. Del. 2002) (citations omitted); Barnes Foundation v. Township of Lower Merion, 242 F.3d 151 (3d Cir. 2001).  This, they have failed to do.  Accordingly, the court will grant summary judgment in favor of Marsico on the § 1981 claim.

### F. 42 U.S.C. § 1983

Count XI alleges a violation of § 1983.  To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)).  To act under "color of state law," a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49.

Marsico is a private individual who was involved in a car accident with plaintiffs. Quite simply, he is not "clothed with the authority of state law" and, therefore, the § 1983 claim fails as a matter of law. See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d Cir. 2004). Accordingly, the court will grant summary judgment in favor of Marsico on the § 1983 claim.

### G. 42 U.S.C. § 1984

Sections one and two of 42 U.S.C. § 1984 were declared unconstitutional in United States v. Singleton, 109 U.S. 3 (1883). Sections three and four were repealed by Congress on June 2, 1948. The court will grant Marsico summary judgment as to the § 1984 claim as a matter of law.

### H. 42 U.S.C. § 1985(3)

"Section 1985 was enacted to combat conspiracies motivated by racial or class-based discrimination." McDuffy, 226 F. Supp. 2d at 551. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Lake v. Arnold, 112 F.3d 682 (3d Cir. 1997). Additionally, a cause of action under § 1985(3) requires that two or more persons engage in the conspiracy. Adams v. Teamsters Local 115, 214 Fed. Appx. 167, 172 (3d Cir. 2007 ) ("A civil conspiracy is 'a combination

of two or more persons acting in concert to commit an unlawful act . . . ."); Carrasca v. Pomeroy, 313 F.3d 828 n.3 (3d Cir. 2002); 42 U.S.C. § 1985(3).

Plaintiffs allege that Sebastianelli acted unlawfully because he "persuaded this [arbitration] committee to not have the need to pay African Americans" and argued that "we had no right to access to the courts as prescribed by state law for whites." (D.I. 1 at ¶ 122) Plaintiffs allege that Sebastianelli "joined hands with Geraldine and Louis Marsico in advising that essentially the McDuffys as African Americans did not have the right to appeal their case for trial de novo as the state law allows for whites." (Id. at ¶ 123) They further contend that Sebastianelli conspired with Marsico to "pay no attention to state law of the Superior Court Judge Alford, who is African American, and the Prothonotary's Office" by refusing service by the Prothonotary's officer. (Id. at ¶ 124)

This court previously found no evidence in the record to suggest that defendants acted pursuant to a race or class based animus toward plaintiffs and, therefore, plaintiffs have failed to create a genuine issue of material fact on this claim. For the above reasons, the court will grant summary judgment in favor of Marsico on the § 1985(3) claim.

## V. CONCLUSION

For the reasons stated, the court will grant defendant Louis Marsico's motion for summary judgment. An appropriate order will issue.